IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID BENNETT, | ) | No. C 13-3362 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER OF DISMISSAL |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES GOVERNMENT, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a California state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In the underlying federal petition, petitioner challenged the criminal judgment against him, and conceded that he had not raised any claims in the California Supreme Court.  On October 4, 2013, the court issued an order to petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies.  On October 16, 2013, petitioner filed a response, conceding that his federal petition challenged the same commitment as that which he had recently been found guilty.  Petitioner also stated that he exhausted his criminal remedies after raising his constitutional issues at trial.  On November 18, 2013, petitioner filed a "Notice of transfer," in which he stated that, on November 4, 2013, petitioner was sentenced to state prison and would soon be transferred.

As the court previously advised petitioner, prisoners in state custody who wish to collaterally challenge either the fact or length of their confinement in federal habeas corpus

Order of Dismissal
G:\PRO-SE\LHK\HC.13\Bennett362disexh.wpd

1  proceedings are first required to exhaust state judicial remedies, either on direct appeal or
2  through collateral proceedings, by presenting the highest state court available with a fair
3  opportunity to rule on the merits of each and every claim the prisoners seek to raise in federal
4  court. 28 U.S.C. § 2254(b)-(c). The exhaustion-of-state-remedies doctrine reflects a policy of
5  federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged
6  violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971)
7  (citations omitted). The exhaustion requirement is satisfied only if the federal claim has been
8  "fairly presented" to the state courts. *See id.*; *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th
9  Cir. 2003) (en banc). The state's highest court must be given an opportunity to rule on the
10 claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)
11 (petitioner must invoke "one complete round of the State's established appellate review
12 process."). A federal district court must dismiss a federal habeas petition containing any claim
13 as to which state remedies have not been exhausted. *See Rhines v. Webber*, 544 U.S. 269, 273
14 (2005).

15 Petitioner has recently been convicted and sentenced. Petitioner clearly has not yet
16 completed a direct appeal, nor pursued any other state proceeding challenging his criminal
17 conviction. Thus, it appears that petitioner has not fairly presented his claims in the underlying
18 federal petition of habeas corpus to the highest state court. Accordingly, the court DISMISSES
19 this action without prejudice for failure to exhaust.

20 The federal rules governing habeas cases brought by state prisoners require a district
21 court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its
22 ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has
23 not shown "that jurists of reason would find it debatable whether the petition states a valid claim
24 of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
25 Accordingly, a COA is DENIED.

26 IT IS SO ORDERED.
27 DATED:   12/4/13                    *Lucy H. Koh*
                                        LUCY H. KOH
28                                      United States District Judge

Order of Dismissal
G:\PRO-SE\LHK\HC.13\Bennett362disexh.wpd         2