IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID BENNETT, | ) | No. C 13-3362 LHK (PR) |
|                Petitioner, | ) ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | ) ) | |
| UNITED STATES GOVERNMENT, | ) ) | |
|                Respondent. | ) ) | |

     Petitioner, a California state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his 2013 criminal judgment sustained in Santa Clara County Superior Court, case number C1103796.  In the instant federal petition, petitioner conceded that he had not presented any of the claims alleged herein to the California Supreme Court.  On October 4, 2013, this court issued an order to petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies.  On October 16, 2013, petitioner filed a response, in which he stated that he had raised all of his constitutional arguments in his "criminal proceedings" and was awaiting sentencing.  On December 4, 2013, because it was clear that petitioner had not yet completed a direct appeal, nor pursued any other state proceeding challenging his Santa Clara County Superior Court convictions, case number C1103796, this court dismissed petitioner's federal habeas petition without prejudice for failure to exhaust.  On January 2, 2014, petitioner filed a motion for reconsideration, request for

Order Denying Motion for Reconsideration
P:\PRO-SE\LHK\HC.13\Bennett362recon.wpd

appointment of counsel, motion for an extension of time to file a traverse, and a request for a certificate of appealability.

In petitioner's motion for reconsideration, petitioner asserts that this court should reconsider the dismissal of his petition for failure to exhaust. Petitioner argues that he has satisfied the exhaustion requirement because he raised the same constitutional claims in a federal civil rights action in *Bennett v. United States Government*, No. 13-2175 WHA (pr) (N.D. Cal. filed May 13, 2013). Specifically, in *Bennett v. United States Government*, No. 13-2175 WHA (pr), petitioner challenged his 2013 Santa Clara County Superior Court criminal convictions, case number C1103796, and alleged that his Fourth Amendment right against unreasonable searches and seizures was violated. On July 2, 2013, in *Bennett v. United States Government*, No. 13-2175 WHA (pr), the court dismissed petitioner's civil rights action pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In general, *Heck* stands for the proposition that a plaintiff cannot recover damages for an unconstitutional conviction unless and until that plaintiff can demonstrate that his conviction has been reversed on direct appeal. *Id.* at 486-87.

In the underlying motion for reconsideration, petitioner has not demonstrated a valid basis for reconsideration. Prisoners in state custody, such as petitioner, who wish to collaterally challenge either the fact or length of their confinement in federal habeas corpus proceedings are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim the prisoners seek to raise in federal court. 28 U.S.C. § 2254(b), (c). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). In short, this means that petitioner must present his federal constitutional claims to the California Supreme Court and allow it to consider petitioner's claims before petitioner may proceed in a federal habeas action. Thus, petitioner's assertion that he previously raised the instant claims in a federal civil rights action in *Bennett v. United States Government*, No. 13-2175 WHA (pr), cannot satisfy his burden of demonstrating that he has exhausted his state court remedies with respect to those claims. In addition, not only has petitioner admitted

that he has not yet presented the instant claims to the California Supreme Court, but a search of petitioner's Santa Clara County Superior Court criminal case number C1103796 demonstrates that petitioner's direct appeal is still pending in the California Court of Appeal's Sixth Appellate District.[1]

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Petitioner has not shown any of the necessary factors to warrant reconsideration. Thus, petitioner's motion for reconsideration is DENIED. No further filings shall be accepted in this closed case. The clerk shall terminate all pending motions as moot.

IT IS SO ORDERED.

DATED: 6/18/14

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[1] *California Appellate Courts Case Information*, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=6&doc_id=2061206&doc_no=H040344 (last visited June 17, 2014).